Charles Everett OSBORNE,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00115–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1992.

Rehearing Denied June 25, 1992.

Don Ervin, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Charles Everett Osborne, Jr., appeals his judgment of conviction for the offense possession with intent to deliver a controlled substance, namely, cocaine, weighing at least 400 grams, including any adulterants and dilutants. The Court's judgment further stated that an affirmative finding that a deadly weapon was used and exhibited in the commission of the offense. Appellant waived a jury trial and pled guilty and a pre-sentence investigation report (P.S.I.) was requested. The Court, after hearing evidence as to punishment and reviewing the P.S.I. report assessed punishment at forty (40) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $50,000 fine. The Court further made an affirmative finding that a deadly weapon, to

wit: a firearm, was used and exhibited in the commission of this offense. We affirm.

In his sole point of error, appellant asserts that there is insufficient evidence to support the trial court's affirmative finding that a deadly weapon was used or exhibited in the commission of the offense. The record at the punishment hearing reflects that Houston Police Officer John Spjut was working in the capacity of an undercover officer. Through an informant he met with appellant. He approached appellant who was in a small truck. While negotiating the deal, Officer Spjut leaned through the passenger side window to talk to appellant who was seated in the driver's seat. Officer Spjut testified that the appellant had a .45 caliber Colt gun between his legs which appeared to be cocked and also a sawed-off shotgun which was on the seat with the barrel pointing into the floorboard. The deal was for appellant to deliver a half kilo of cocaine. Once the deal was negotiated Officer Spjut left and gave the signal for the raid team to arrest appellant. Officer Spjut also testified that only appellant was in the truck.

Appellant testified that he did indeed have the weapons, but that they had nothing to do with the fact that he was in possession of over 400 grams of cocaine. He testified that the owner of the .45 caliber Colt had borrowed some money from him and had given appellant the gun to hold as collateral. Appellant was enroute to return the gun to its owner since he had repaid appellant. Appellant further testified that he was leaving town so he was bringing the shotgun to a friend to keep for him while he was out of town to prevent it from being stolen. He further testified that the shotgun was not loaded, but he was not sure about the other gun. He also testified there was a third gun which was inside a shaving kit.

■■■ A fact finder is authorized under the TEX.CODE CRIM.PROC.ANN. art. 42.12, section 3g(a)(2) (Vernon Supp.1992) to find that a defendant used or exhibited a deadly weapon during the commission of, or flight following any offense. *Arizmendez v. State,* 807 S.W.2d 436 (Tex.App.—Houston [14th Dist.] 1991, no pet.). A trial court can make an affirmative finding of a deadly weapon at punishment if it is the trier of fact. *Fann v. State,* 702 S.W.2d 602 (Tex. Crim.App.1985). A gun need not be serviceable in order to be classified as a deadly weapon. *Walker v. State,* 543 S.W.2d 634 (Tex.Crim.App.1976).

The Texas Court of Criminal Appeals in *Patterson v. State,* 769 S.W.2d 938 (Tex. Crim.App.1989) held:

> Thus, "used ... a deadly weapon" during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. Whereas "exhibited a deadly weapon" means that the weapon was consciously shown or displayed during the commission of the offense. Therefore, the court of appeals was correct when it stated that 'used ... during the commission of a felony offense' refers certainly to the wielding of a firearm with effect, but it extends as well to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. However, to "exhibit" a deadly weapon it need only be consciously displayed during the commission of the required felony offense ... The court of appeals determined that a rational trier of fact could find that appellant "used" the firearm during the commission of the felony offense of possessing the contraband, in a sense that the firearm protected and facilitated appellant's care, custody, and management of the contraband. *Patterson* at 941, 942.

It is well settled that when viewing the sufficiency of the evidence the appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979). *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989).

■ The trier of fact is entitled to accept the State's version of the facts and reject appellant's version or reject any of the witness' testimony. *Moore v. State,* 804

S.W.2d 165 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

Appellant's contention that *Patterson, supra,* can be distinguished from the case at bar is without merit. Although appellant in this case did not admit that he was carrying the weapons to protect the drugs, we find that a rational trier of fact could certainly have made this determination. Appellant was in possession of over 400 grams of drugs and negotiating a drug transaction while he had the .45 caliber Colt cocked and sitting in his lap and a second gun within a hand's reach. It is well settled that just exhibiting the weapon is sufficient, appellant need not utter any words. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.