**Marquis De La Victor GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–99–00757–CR–14–99–00759–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 30, 2000.

**878**

Gary A. Taylor, Austin, for appellant.

Michael Adrian Mark, Liberty, for appellee.

Panel consists of Chief Justice MURPHY and Justices MAURICE AMIDEI and HUDSON.

## OPINION

MURPHY, Chief Justice.

A jury found Marquis De La Victor Grant ("appellant"), guilty of: 1) unlawful possession of marihuana (10,482); 2) taking a weapon from a peace officer (10,483); and 3) attempted capital murder (10,484). Additionally, the jury returned a negative deadly weapon finding in cause number 10,483, and an affirmative deadly weapon finding in cause number 10, 484. The trial court, however, entered affirmative deadly weapon findings in both cause numbers 10,483, and 10,484. This appeal follows.

■ Appellant raises thirteen points of error, consisting of six general issues. Specifically, in points of error one, two and three, appellant asserts that the evidence was legally and factually insufficient to prove that the offenses, described above, occurred in Chambers County. We need not reach the merits of appellant's claim because he failed to properly preserve error.

■ The burden of objecting to the prosecution's failure to prove venue is on the defendant. *Vasquez v. State*, 491 S.W.2d 173 (Tex.Crim.App.1973); *Mosley v. State*, 643 S.W.2d 212, 215 (Tex.App.— Fort Worth 1982, no pet.). When the issue of venue is not raised in the trial court, it is presumed that proper venue was proved. *Black v. State*, 645 S.W.2d 789, 792 (Tex.Crim.App.1983); *Clark v. State*, 558 S.W.2d 887, 891 (Tex.Crim.App.1977); *Mosley*, 643 S.W.2d at 215. A motion for instructed verdict, complaining that the State failed to prove the elements of the offense as set forth in the indictment is insufficient to preserve the issue of venue. *Mosley*, 643 S.W.2d at 216; *Valdez v. State*, 993 S.W.2d 346, 349 (Tex.App.—El Paso 1999, no pet.); *Lozano v. State*, 958

S.W.2d 925, 929 (Tex.App.—El Paso 1997, no pet.). Venue is not considered an element of the offense. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981).

Appellant moved for instructed verdict "asserting that the State did not succeed in showing each and every element of the offense, particularly as it applies to their allegation of attempted capital murder." This objection failed to preserve the issue of venue for appeal. Appellant's points of error one, two, and three are overruled.

■ In points of error four and five, appellant contends that his defense counsel's failure to specifically challenge that the offenses alleged in the indictment occurred in Chambers County, amounted to ineffective assistance of counsel under the United States and Texas Constitutions. We disagree. Appellant has brought forth no proof of ineffective assistance of counsel.

■ The U.S. Supreme Court established a two prong test to determine whether counsel is ineffective at the guilt/innocence phase of a trial. First, appellant must demonstrate that counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Essentially, appellant must show (1) that his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.; Hathorn v. State*, 848 S.W.2d 101, 118 (Tex.Crim.App.1992). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome of the proceedings.'" *Stults v. State*, 23 S.W.3d 198, 208 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.) (quoting *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998)). Moreover, the appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson*, 973 S.W.2d at 956.

■ In *Jackson*, the court of criminal appeals refused to hold counsel's performance deficient given the absence of evidence concerning counsel's reasons for choosing the course he did. 877 S.W.2d 768, 772 (Tex.Crim.App.1994); *see Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim.App.1998) (finding that the record on appeal inadequate to evaluate that trial counsel provided ineffective assistance). "It is critical for an accused relying on an ineffective assistance of counsel claim to make the necessary record in the trial court." *Stults*, 23 S.W.3d at 208. When there is no hearing on ineffective assistance of counsel, an affidavit is vital to the success of an ineffective assistance claim. *Stults*, 23 S.W.3d at 208; *Howard v. State*, 894 S.W.2d 104, 107 (Tex.App.—Beaumont 1995, pet. ref'd).

Appellant did not file a motion for a new trial, and therefore failed to develop evidence of trial counsel's strategy as was suggested by Judge Baird in his concurring opinion in *Jackson*. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex.App.—Houston[1st Dist.] 1994, pet. ref'd) (holding that generally, the trial court record is inadequate to properly evaluate ineffective assistance of counsel claim; in order to properly evaluate an ineffective assistance claim, a court needs to examine a record focused specifically on the conduct of trial counsel such as a hearing on application for writ of habeas corpus or motion for new trial); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex.App.—Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex.App.—Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim).

In the present case, the record is silent as to the reasons appellant's trial counsel

chose the course he did. The first prong of *Strickland* is not met in this case. *Jackson*, 877 S.W.2d at 771; *Jackson*, 973 S.W.2d at 957. Due to the lack of evidence in the record concerning trial counsel's reasons for these alleged acts of ineffectiveness, we are unable to conclude that appellant's trial counsel's performance was deficient.

Accordingly, appellant's points of error four and five are overruled.

In point of error six, appellant contends that the trial court erred in entering an affirmative deadly weapon finding on the judgment in cause number 10,-483 after the jury returned a negative response to the deadly weapon issue in that cause. We agree.

In a jury trial, the issue of whether a deadly weapon was used or exhibited during the commission of the offense, is an issue of fact which must be submitted to the jury for its exclusive determination. *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex.Crim.App.1982). Since appellant was tried by a jury, the trial court had no authority to make an affirmative finding that appellant used a deadly weapon. *Davis v. State*, 897 S.W.2d 791, 793 (Tex. Crim.App.1995); *Easterling v. State*, 710 S.W.2d 569, 581 (Tex.Crim.App.1986); *Ex parte Thomas*, 638 S.W.2d at 907.

In a jury trial, a trial court is authorized to enter an affirmative finding on a deadly weapon issue in three situations: where the jury has 1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; 2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon; or 3) affirmatively answered a special issue on deadly weapon use. *Davis*, 897 S.W.2d at 793; *DeAnda v. State*, 769 S.W.2d 522, 523 (Tex.Crim.App.1989); *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim.App.1985).

The jury found appellant guilty of the offense as charged in the indictment in cause number 10,483. However, the jury returned a negative response to a deadly weapon issue. Appellee contends that the trial court correctly entered a deadly weapon finding based on the jury returning a verdict of guilty as charged in the indictment.

The indictment, however, fails to place the issue of a deadly weapon before the trier of fact. The indictment reads as follows: "[W]ith the intention of harming TROOPER WILLIAM GORDON, intentionally and knowingly and with force take and attempt to take from TROOPER WILLIAM GORDON, a peace officer, the officer's firearm." While the indictment does use the term "firearm," this is insufficient to support a deadly weapon finding. A deadly weapon issue is proper when the deadly weapon is· used "during the commission of the offense or during the immediate flight therefrom." *Dowdle v. State*, 11 S.W.3d 233, 235 (Tex. Crim.App.2000). Moreover, an affirmative deadly weapon finding will arise as a matter of law when "the trier of fact finds that a pistol has been used in the commission of the offense." *Polk*, 693 S.W.2d at 394. "Used in the commission of the offense" means that appellant employed or utilized a deadly weapon in order to facilitate the associated offense. *Dowdle*, 11 S.W.3d at 237. The indictment fails to allege, however, that appellant used a firearm to commit the offense of taking an officer's firearm. The mere presence of the term "firearm" in an indictment does not categorically support a deadly weapon finding. The trial court improperly entered a deadly weapon finding in cause number 10,483 in the absence of an affirmative finding by the trier of fact. Appellant's point of error six is granted. Accordingly, we order that the following be deleted from the judgment: "Affirmative finding that a deadly weapon, to wit: a firearm, was used during the offense: Taking or Attempting to Take a Weapon From a Peace Officer."

In points of error seven, eight, and nine, appellant asserts that an unloaded pistol is neither a firearm, nor a deadly weapon. We disagree. A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury...." Tex.Pen.Code Ann. § 1.07(a)(17) (Vernon 1994). There is no requirement that the firearm be loaded. *Wright v. State*, 582 S.W.2d 845, 847 (Tex. Crim.App. [panel op.] 1979). In fact, "[a] gun need not be serviceable in order to be classified as a deadly weapon." *Osborne v. State*, 832 S.W.2d 407, 408 (Tex.App.— Houston [14th Dist.] 1992, no pet.). Accordingly, appellant's points of error seven, eight, and nine are overruled.

Appellant next contends in points of error ten, eleven, and twelve, that the jury's negative response to a deadly weapon finding in cause number 10,483, in connection with the prohibition against double jeopardy under the United States and Texas Constitutions, requires that the deadly weapon finding made by the jury in cause number 10,484 be deleted. Specifically, appellant argues that the affirmative deadly weapon finding in cause number 10,484 after the negative deadly weapon finding in cause number 10,483, amounts to a second prosecution for the same offense after acquittal. We disagree.

In determining if jeopardy attaches, the court must inquire whether each offense contains an element not contained in the other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). When a different element is present, double jeopardy does not attach. *Id.* If each element of the offense in the first indictment, however, is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecutions. *Id.* "The essential elements relevant to a double jeopardy inquiry are those of the charging instrument...." *Franklin v. State*, 992 S.W.2d 698, 703 (Tex.App.—Texarkana 1999, pet. ref'd); *Ward v. State*, 938 S.W.2d 525, 528 (Tex.App.—Texarkana 1997, pet. ref'd). The relevant factors to focus on in a charging instrument include the time and place of the offense, the identity of the defendant, the identity of the complainant, and the manner and means used in committing the offense. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim.App.1994).

Double jeopardy does not apply in this case because the same offense was not involved. The jury found that appellant did not use a deadly weapon in the commission of the offense of taking a peace officer's firearm. The jury did find, however, that appellant used a deadly weapon in the offense of attempted capital murder. The offenses of taking a peace officer's firearm, and attempted capital murder, are two distinct offenses. The findings made by the jury as they relate to these distinct offenses do not invoke a protection against double jeopardy.

"[C]ollateral estoppel is a component of federal constitutional double jeopardy jurisprudence...." *Reynolds v. State*, 4 S.W.3d 13, 19 (Tex.Crim.App. 1999); *Ladner v. State*, 780 S.W.2d 247, 250 (Tex.Crim.App.1989). Collateral estoppel is the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties. *Ashe v. Swenson*, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 1194–95, 25 L.Ed.2d 469, 475–76 (1970). Collateral estoppel, however, does not apply to the present case. The *Ashe* doctrine of collateral estoppel only applies where there are two trials, and not where a single trial involves multiple counts. *Hite v. State*, 650 S.W.2d 778, 784 n. 7 (Tex.Crim.App. 1983); *Ward v. State*, 938 S.W.2d 525, 528 (Tex.App.—Texarkana 1997, pet. ref'd) (finding that collateral estoppel did not apply where two counts of perjury were tried together, and the jury acquitted under one count, and convicted under the other count). While our present case in-

volves multiple indictments, rather than one indictment involving multiple counts, the distinction is irrelevant. There was only one trial. Collateral estoppel, as a corollary of the double jeopardy clause, requires that appellant have been twice in jeopardy. *State v. Smiley*, 943 S.W.2d 156, 156–57 (Tex.App.—Amarillo 1997, no pet.). "It is elemental that the criteria which triggers double jeopardy is the risk of multiple prosecutions or punishments for the same offense." *Id.* at 157. Appellant has not been put in jeopardy twice for the same offense. Accordingly, appellant's points of error ten, eleven, and twelve, are overruled.

Appellant argues, in point of error thirteen, that the affirmative deadly weapon finding in cause number 10,484 must be deleted because the record reflects that the court below entered the finding on the basis of the affirmative response of the jury to the deadly weapon issue, and not on the basis of the indictment. This argument presupposes that we find that the jury's affirmative response to the deadly weapon issue in cause number 10,484 is in some way invalidated by the jury's negative response to the deadly weapon issue in cause number 10,483. We do not. The jury correctly determined that appellant used a deadly weapon to facilitate the commission of the offense of attempted capital murder, and the trial court correctly entered a deadly weapon finding based on the jury's affirmative response. Appellant's point of error thirteen is overruled.

The judgment of the trial court is reformed and affirmed.