Affirmed and Opinion filed November 14, 2002









Affirmed and Opinion filed November 14, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01135-CR

____________

 

JUSTIN DAMIEN GORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 845,174

 



 

O P I N I O N

Appellant was found guilty of capital murder, and the court
assessed punishment at life in the Texas Department of Criminal Justice,
Institutional Division.  On appeal,
appellant complains that (1) the trial court erred in admitting appellant’s
oral statement, and (2) appellant=s counsel rendered ineffective
assistance by failing to object to specific testimony.  We affirm.








FACTUAL BACKGROUND

Appellant and four friends decided to rob an
acquaintance’s house to steal cash and narcotics.  When they got to the house, the acquaintance
and his mother were home.  Because the
mother of the acquaintance did not react as quickly as appellant wished,
appellant shot her three times in the head and chest.  She eventually died from the gunshot
wounds.  Appellant and his friends fled.  After one of the friends confessed to the
crime, police arrested appellant.  

Appellant was interrogated in a room where a secret camera
videotaped his confession.  Later police
discovered most of the videotape was inaudible, because appellant mumbled his
answers and the microphone was improperly positioned to record his conversation
with Officer Bellnoski.  However, during
the conversation, appellant admitted shooting the victim and revealed where he
threw the murder weapon.  After appellant
took Officer Bellnoski to the point of the bayou where he threw the weapon,
police divers were able to recover the gun.

At trial, appellant moved to suppress his confession and the
inaudible videotape of it.  The trial
court allowed the testimony and admitted the videotaped confession.  

DISCUSSION

Appellant raises three points of error.  Combined in his first two issues, appellant
contends the trial court should have suppressed his oral statements and his
videotaped statement because they failed to comply with the Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(a) (Vernon Supp. 2002).  In his last issue, appellant contends he
received ineffective assistance of counsel because his attorney failed to
object to Bellnoski=s testimony about the confession. 








I.          Admissibility
of Oral Statements

We will first address appellant’s two issues that his
confession should have been suppressed. 
Appellant argues the videotape and any statements he made should be inadmissible,
because his statements were recorded on a videotape that is inaudible.  We disagree. 


As a general rule, oral confessions are not admissible.  See Guevara v. State, 985 S.W.3d 590,
593 (Tex. App.CHouston [14th Dist.] 1999, pet. ref’d).  This is because the statement is likely to be
misunderstood, easily fabricated, and hard to contradict.  See Shiflet v. State, 732 S.W.2d 622,
623 (Tex. Crim. App. 1985) (citing Gay v. State, 2 Tex. App. 127 (1877);
Riley v. State, 4 Tex. App. 538 (1878)). 








Appellant contends that the videotape here fails to satisfy
the requirement under Texas Code of Criminal Procedure article 38.22, section
3(a)(3) that a recorded statement be accurate.[1]  Appellant argues that, because the videotape
is inaudible, both the tape and appellant’s confession are inadmissible.  However, we do not reach appellant’s argument
that the videotape is inaudible, and therefore inaccurate and inadmissible
under section 3(a).[2]  As we explain below, independent of the
police recording, appellant’s confession is admissible under section 3(c) of
the same article.

Article 38.22, section 3(c) provides that, if the defendant’s
custodial statement contains facts that are later found to be true, the
statement is admissible at trial.  See
Tex. Code Crim. Proc.
Ann. art. 38.22, ' 3(c); see also Nejnaoui v. State, 44 S.W.3d 111, 116
(Tex. App.CHouston [14th Dist.] 2001, pet. ref’d)
(holding oral statements that contain assertions of unknown facts are
admissible without a recording).  The
applicable provision of the Code specifically states the following:

Subsection (a) of this section shall not apply to any
statement which contains assertions of facts or circumstances that are found to
be true and which conduce to establish the guilt of the accused, such as the
finding of secreted or stolen property or the instrument with which he states
the offense was committed. 

Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(c).  The phrase Afound to be true,@ means something “the police are
unaware [of] at the time of the confession [and is] later, after the
confession, found to be true.”  Romero
v. State, 800 S.W.2d 539, 544B45 (Tex. Crim. App. 1990).  Additionally, if any one of the assertions
the defendant makes is found to be true and establishes guilt, then the oral
statement is admissible in its entirety. 
See Baldree v. State, 784 S.W.2d 676, 684 (Tex. Crim. App. 1989);
see also Marini v. State, 593 S.W.2d 709, 713 (Tex. Crim. App. 1980). 








Here, at least two assertions of fact in appellant’s
confession were found to be true and tended to establish his guilt.  First, before Bellnoski interviewed
appellant, the police had not recovered the gun.  According to Bellnoski, appellant revealed in
his oral confession where he threw the gun. 
Appellant told Bellnoski “it was laying in some water,” and eventually
took Bellnoski to the specific location where he threw the gun in the
bayou.  Other police officers did recover
the gun where appellant described. 
Bellnoski testified at the suppression hearing that no one but the
appellant gave him that information. 
Second, appellant also confessed to Bellnoski that he had initially
thrown the gun out of a car and the gun landed near a catwalk.  Appellant then got out of the car, picked up
the gun, and threw it in the bayou. 
After revealing where the gun initially was thrown, a police officer
located “some rounds” at the location appellant described.  

Appellant’s statements about the locations of the gun
contained assertions of fact unknown by law enforcement but later
corroborated.  Only after the confession,
when the police went to the locations the appellant described, were appellant=s statements found to be true.  Because appellant=s confession contains facts that were
found to be true and were conducive to establishing guilt, his entire oral
statement, as testified to by Bellnoski, was properly deemed admissible.  See Marini, 593 S.W.2d at 713.

Finally, even if the inaudible videotape should not have been
admitted, any error was harmless.  See
Garcia v. State, 919 S.W.2d 370, 380 (Tex. Crim. App. 1994); see
also Tex. R. App. P. 81(b)(2).  “The erroneous admission of evidence that is
merely cumulative of properly admitted evidence is harmless.”  Southwestern Bell Tel. Co. v. Garza,
58 S.W.3d 214, 233 (Tex. App.CCorpus Christi 2001, no pet.).  As explained above, Bellnoski could have
testified and repeated appellant=s entire oral statement without the
videotape.  The videotape is cumulative
evidence, and in fact is inaudible evidence. 
Since the same evidence was already before the jury in Bellnoski=s testimony, any error committed by
the trial court admitting the videotape was harmless and cannot constitute
reversible error.








For these reasons, we overrule appellant’s arguments that his
oral confession and the videotape should have been inadmissible. 

II.        Ineffective
Assistance of Counsel

Next, we address appellant’s final issueCthat he received ineffective
assistance of counsel.  Appellant
complains that, because his trial attorney failed to object to Bellnoski’s testimony, he received ineffective assistance
of counsel.  We disagree.

To show ineffective assistance of counsel, a defendant must
show that (1) counsel=s performance fell below an objective standard of
reasonableness under prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficient performance, the result
of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 694 (1984); Rodriguez
v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995).  When reviewing a claim of ineffective assistance
of counsel, we must be highly deferential to trial counsel and presume counsel
made all significant decisions in the exercise of reasonable professional
judgment.  Thompson v. State,
9 S.W.3d 808, 813  (Tex. Crim. App.
1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).








First, appellant must show his trial counsel=s performance fell below an objective
standard.  Appellant bears the burden to
show counsel=s ineffectiveness by a preponderance
of the evidence, and allegations of ineffectiveness must be firmly founded in
the record.  Thompson, 9 S.W.3d at
813; Dewberry v. State, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000).  Except
in rare cases, a claim of ineffective assistance must be brought by application
for writ of habeas corpus rather than direct appeal; this is to develop the
facts and allow trial counsel to explain his actions.  See Robinson v. State, 16 S.W.3d 808,
813 (Tex. Crim. App. 2000); see also Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.CHouston [1st Dist.] 1994, pet. ref’d)
(holding that generally, the trial court record is inadequate to properly
evaluate ineffective assistance of counsel claim); Beck v. State, 976
S.W.2d 265, 266 (Tex. App.CAmarillo 1998, pet. ref’d) (holding that there was an
inadequate record for an ineffective assistance of counsel claim).  Appellant argues his counsel=s failure to make one objection
during trial amounts to ineffective assistance of counsel.  Because of the lack of evidence in the
record, we cannot conclude the attorney was deficient.  See Grant v. State, 33 S.W.3d 875, 879B80 (Tex. App.CHouston [14th Dist.] 2000, pet. ref’d).  In this case, the record lacks evidence of
the attorney’s reasons for his actions and does not properly address the
ineffective assistance of counsel argument. 
Without this evidence in the record, appellant fails the first part of
the Strickland test. 

Next, appellant did not prove the result of the proceeding
would have been different had appellant’s trial counsel objected.  Appellant’s attorney did not need to object
to Bellnoski=s specific testimony to preserve
error.  Appellant’s attorney objected to
both the videotape and Bellnoski’s testimony in the
presubmission motion to suppress hearing. 
Because the trial court overruled appellant=s pretrial motion to suppress, “the
accused need not subsequently object to the admission of the same evidence at
trial to preserve error as long as the pretrial motion to suppress is supported
by evidence and the error presented on appeal is the same as was presented to
the trial court.”  Renfro v. State,
958 S.W.2d 880, 883 (Tex. App.CTexarkana 1997, pet. ref’d). 
Thus, any error in admitting the evidence and testimony was already
preserved; appellant did not have to object to Bellnoski=s testimony again to preserve
error.  Because appellant did not meet
either prong of the Strickland test, we overrule appellant’s contention
that his trial counsel was ineffective.

Therefore, we overrule all of appellant’s issues and affirm
the judgment of the trial court.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

 








Judgment rendered
and Opinion filed November 14, 2002

Panel consists of
Chief Justice Brister, Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1] 
Section 3(a) provides the following:

No oral or sign language statement of an accused made
as a result of custodial interrogation shall be admissible against the accused
in a criminal proceeding unless:

 

(1)   an electronic recording,
which may include motion picture, video tape, or other visual recording, is
made of the statement;

(2)   prior to the statement but
during the recording the accused is given the warning in Subsection (a) of
Section 2 above and the accused knowingly, intelligently, and voluntarily
waives any rights set out in the warning;

(3)   the recording device was
capable of making an accurate recording, the operator was competent, and the
recording is accurate and has not been altered;

(4)   all voices on the recording
are identified; and 

(5)   not
later than the 20th day before the date of the proceeding, the attorney
representing the defendant is provided with a true, complete, and accurate copy
of all recordings of the defendant made under this article.

Tex. Code Crim.
Proc. Ann. art. 38.22, ' 3(a).





[2]  Appellant also
spends a majority of his brief arguing whether he knowingly, intelligently, and
voluntarily waived his rights on the videotape. 
We have reviewed the tape; it shows that Officer Bellnoski did read
appellant his Miranda rights. 
Appellant answered that he understood each right.  The officer then asked appellant if he wished
to cooperate with the investigation, after which appellant confessed.  We also note that our decision is based on
subsection 3(c) of article 38.22.  That
section states that the requirements of subsection (a)Cincluding the requirement that the Miranda
warnings be given during the taped sessionCdo not
apply when evidence is being admitted under subsection (c).  Tex.
Code Crim. Proc. Ann. art. 38.22, '
3(c).  Even under subsection (c), Miranda
warnings must be given; they simply need not appear on the tape.  Appellant has not claimed he was never Mirandized.