Aston v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-112-CR

DOUGLAS ASTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Douglas Aston appeals from his conviction for attempted capital murder.  A jury found appellant guilty as charged and sentenced him to ninety-nine years’ confinement.  Thereafter, appellant filed his notice of appeal.  We will affirm.

Court-appointed counsel for appellant has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  Therefore, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Additionally, appellant has filed a pro se brief on his own behalf.  In his brief, appellant complains that appellate counsel was ineffective for failing to raise on appeal the ineffective assistance of appellant’s trial counsel.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id
. at 690, 104 S. Ct. at 2066. 

Appellant contends that his trial counsel was ineffective for failing to file a motion to change venue.  Due to publicity, he claims that he urged counsel to request a change of venue in exchange for his plea of guilty.  However, appellant’s assertions do not constitute affirmative proof that his trial counsel’s decision fell below the prevailing professional norms.  
See id
. at 688-89, 104 S. Ct. at 2065.  The record is silent as to counsel’s strategy about venue.  When the record is silent as to counsel’s reasons for performing or failing to perform in the manner alleged, we cannot conclude that counsel’s performance was deficient.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
see also Grant v. State
, 33 S.W.3d 875, 879-80 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  Therefore, appellant has not carried his burden to show that his counsel’s strategy in this respect was inappropriate under the existing circumstances.  In addition, given the nature of the charges against him, appellant has failed to show that he would have received a less severe punishment from a jury in another county.  
See Burruss v. State
, 20 S.W.3d 179, 187 (Tex. App.—Texarkana 2000, pet. ref’d).  Therefore, appellant has failed to meet the first prong of 
Strickland
.  

Appellant also complains that his trial counsel improperly commented on the weight of the evidence.  During voir dire, appellant’s counsel stated as follows:  “The defendant, Mr. Aston, in this case is pleading Not Guilty.  Okay.  But I think before long you’ll realize that this case really amounts to more about punishment than anything else.”  However, at trial, appellant took the stand and admitted that he had attempted to murder his wife, but denied kidnapping her.  His defense rested on the argument that because he did not kidnap his wife, he was guilty of only attempted murder.  
See
 
Tex. Penal Code Ann.
 §§ 15.01, 19.02(b), 19.03(a)(2) (Vernon 2003).  Attempted murder carries a lesser sentence than attempted capital murder.  
Id.  
Thus, counsel’s statement was made as a part of his trial strategy and did not constitute ineffective assistance of counsel.  
See Jackson
, 877 S.W.2d at 771 (holding that defendant must overcome presumption that counsel’s actions were the result of sound trial strategy). 

Because trial counsel’s actions did not deny appellant the effective assistance of counsel, appellate counsel was not ineffective for failing to raise this issue on appeal.  Accordingly, we overrule the complaints contained in appellant’s pro se brief.

Based on our independent review of the record, the indictment in this case tracks the statute and includes all of the essential acts or omissions that constitute the offense.  Thus, the indictment is proper.  
See Studer v. State
, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990).  The 235
th
 District Court of Cooke County had jurisdiction to hear appellant’s case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2003).  The court’s charges at both guilt-innocence and punishment were proper and admitted without objection from counsel.  Likewise, the State’s closing arguments to the jury were proper.  Finally, appellant’s ninety-nine-year sentence is within the statutory range for the crime charged.  Accordingly, we conclude that there is no error that might arguably support an appeal or require reversal.

Because we have determined that there is no error on which an appeal could be based or which could require reversal of this case, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.