COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-112-CR
 
DOUGLAS ASTON           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
    STATE
------------
FROM THE 235
TH DISTRICT COURT OF COOKE
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Douglas Aston appeals from his conviction
for attempted capital murder. A jury found appellant guilty as charged and
sentenced him to ninety-nine years' confinement. Thereafter, appellant filed his
notice of appeal. We will affirm.
Court-appointed counsel for appellant has
filed a motion to withdraw as counsel and a brief in support of that motion. In
the brief, counsel states that, in his professional opinion, this appeal is
frivolous. Counsel's brief and motion meet the requirements of Anders v.
California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S.
Ct. 1396 (1967). Therefore, this court is obligated to undertake an independent
examination of the record and to essentially rebrief the case for appellant to
see if there is any arguable ground that may be raised on appellant's behalf. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
Additionally, appellant has filed a pro se
brief on his own behalf. In his brief, appellant complains that appellate
counsel was ineffective for failing to raise on appeal the ineffective
assistance of appellant's trial counsel. We apply a two-pronged test to
ineffective assistance of counsel claims. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that his
counsel's performance was deficient; second, appellant must show the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064. "[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment." Id. at 690, 104 S. Ct. at 2066.
Appellant contends that his trial counsel
was ineffective for failing to file a motion to change venue. Due to publicity,
he claims that he urged counsel to request a change of venue in exchange for his
plea of guilty. However, appellant's assertions do not constitute affirmative
proof that his trial counsel's decision fell below the prevailing professional
norms. See id. at 688-89, 104 S. Ct. at 2065. The record is silent as
to counsel's strategy about venue. When the record is silent as to counsel's
reasons for performing or failing to perform in the manner alleged, we cannot
conclude that counsel's performance was deficient. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); see also Grant v. State, 33
S.W.3d 875, 879-80 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).
Therefore, appellant has not carried his burden to show that his counsel's
strategy in this respect was inappropriate under the existing circumstances. In
addition, given the nature of the charges against him, appellant has failed to
show that he would have received a less severe punishment from a jury in another
county. See Burruss v. State, 20 S.W.3d 179, 187 (Tex. App.--Texarkana
2000, pet. ref'd). Therefore, appellant has failed to meet the first prong of Strickland.
Appellant also complains that his trial
counsel improperly commented on the weight of the evidence. During voir dire,
appellant's counsel stated as follows: "The defendant, Mr. Aston, in this
case is pleading Not Guilty. Okay. But I think before long you'll realize that
this case really amounts to more about punishment than anything else."
However, at trial, appellant took the stand and admitted that he had attempted
to murder his wife, but denied kidnapping her. His defense rested on the
argument that because he did not kidnap his wife, he was guilty of only
attempted murder. See Tex. Penal Code Ann. §§ 15.01, 19.02(b),
19.03(a)(2) (Vernon 2003). Attempted murder carries a lesser sentence than
attempted capital murder. Id. Thus, counsel's statement was made as a
part of his trial strategy and did not constitute ineffective assistance of
counsel. See Jackson, 877 S.W.2d at 771 (holding that defendant must
overcome presumption that counsel's actions were the result of sound trial
strategy).
Because trial counsel's actions did not
deny appellant the effective assistance of counsel, appellate counsel was not
ineffective for failing to raise this issue on appeal. Accordingly, we overrule
the complaints contained in appellant's pro se brief.
Based on our independent review of the
record, the indictment in this case tracks the statute and includes all of the
essential acts or omissions that constitute the offense. Thus, the indictment is
proper. See Studer v. State, 799 S.W.2d 263, 272 (Tex. Crim. App.
1990). The 235th District Court of Cooke County had jurisdiction to
hear appellant's case. See Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon
Supp. 2003). The court's charges at both guilt-innocence and punishment were
proper and admitted without objection from counsel. Likewise, the State's
closing arguments to the jury were proper. Finally, appellant's ninety-nine-year
sentence is within the statutory range for the crime charged. Accordingly, we
conclude that there is no error that might arguably support an appeal or require
reversal.
Because we have determined that there is
no error on which an appeal could be based or which could require reversal of
this case, we grant counsel's motion to withdraw and affirm the trial court's
judgment.
 
           
           
           
           
           
           
PER CURIAM
 
PANEL F: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 6, 2003]

1. See Tex. R. App. P. 47.4.