Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed
and Memorandum Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-02-00097-CR and 

  14-02-00098-CR

____________

 

HUMBERTO URIBE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 889,123 and 866,472

 



 

M E M O R A N D U M   O
P I N I O N

A jury found appellant guilty of two felony counts of
indecency with a child, and assessed punishment at seventy-five years and one
day in the Texas Department of Criminal Justice, Institutional Division for
each offense.  On appeal, appellant
complains that (1) the trial court erred by admitting testimony in the
punishment phase regarding the future impact of this offense on the
complainant, (2) the trial court erred in allowing an expert to testify to
complainant=s truthfulness, and (3) appellant=s attorney committed five acts of
ineffective assistance of counsel by failing to object and by eliciting
testimony.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Appellant=s niece, a minor, came to live with appellant=s family.  Later, the niece accused appellant of having
sexual intercourse with her multiple times. 
No physical evidence existed to prove the accusations.  Therefore, the State called nine witnessesCincluding two doctors, a
psychologist, and a therapist to testify to the possible abuse.  The jury found appellant guilty of two counts
of indecency with a child.

During the punishment phase, the State called only one
witnessCthe complainant=s therapist.  The jury sentenced appellant to seventy-five
years and one day for each offense.

DISCUSSION

Appellant raises seven points of error.  First, appellant contends the trial court
abused its discretion in the punishment phase by allowing an expert to testify
to the future impact of this offense. 
Second, appellant argues one expert improperly commented on complainant=s veracity.  Combined in his next five points of error,
appellant contends he received ineffective assistance of counsel because his
attorney failed to object and elicited testimony from the State=s witnesses who commented on the
complainant=s veracity and because his attorney
failed to object that prosecutor commented on appellant=s right to a jury trial.

I.          Expert
Testifying to Complainant=s Future Abuse

We first address appellant=s claim that the expert should not
have been able to testify in the punishment phase to the future impact of this
offense on the complainant.  As we
explain below, this complaint fails. 








First, appellant=s objection at trial did not comport
with his issue now on appeal.  We will not
overturn a trial court=s decision to admit or exclude testimony except for a clear
abuse of discretion.  See Fairow v. State, 943 S.W.2d 895, 901
(Tex. Crim. App. 1997).  To provide
evidence of a clear abuse of discretion and to preserve a complaint for review,
appellant must have presented a timely and specific objection.  Tex. R. App. P. 33.1(a).  If the objection at trial does not comport
with the issue on appeal, appellant has not preserved error.  See Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  At trial, appellant=s counsel objected to the testimony,
explaining that it called for the witness to speculate.  However, on appeal appellant claims this
testimony was inadmissible victim impact testimony.  Because the objection at trial does not
mirror his issue raised on appeal, this issue is overruled.

II.        Speculation
Objection to the Veracity of the Complainant

Next, we address appellant=s argument on appeal that the trial
court erred because it allowed an expert to comment on the complainant=s veracity.  Whether the psychiatrist=s testimony crossed the line from
permissible testimony that would assist the jury in deciding the case to
impermissibly telling the jury he thought the complainant was telling the truth
is a close question.  See Schutz v. State, 957 S.W.2d 52 (Tex. Crim. App. 1997); Yount v. State, 872 S.W.2d 706 (Tex. Crim.
App. 1993).  However, as we explain
below, here we do not have that issue here because, again, appellant=s objection does not comport with the
issue now raised on appeal.

The testimony and objection are set out below:

Q.        Dr. Frank, obviously, you cannot tell this Jury whether [the
complainant] was sexually abused, can you?

A.        No, I can=t.

Q.        Is the [Post Traumatic Stress Disorder] that you observed in
herCin her a consistent symptom that you sometimes see in
victims of sexual abuse?

A.        Yes, it is.

Q.        Dr. Frank, did you ever question [the complainant] about the
allegation she was making or about the abuse?

A.        No, I did not.

Q.        Did you ever refer to it or at least allude to it in your
discussions?








A.        In the discussion with her, it was alluded to in that the
mention of her the second time, that her uncle wouldCwould come and get her again.  And asked what she meant and, you know, she
referred back to the rape that had happened to her.

Q.        And, Doctor, in either of the two evaluations or in anythingCany of your conversations or discussions with [the
complainant], did you ever observe or hear anything thatCthat, let=s say,
no one gave you cause to doubt your diagnosis?

A.        No.

Q.        And number two, gave you reason to look more skeptically at
the allegation of sexual abuse?

MR. BROOKS:          Your Honor C

MR. TRENT:  It=s a poor
way of asking the question.  Let me
rephrase.

THE COURT:            Sustained.

MR. TRENT:  Let me rephrase.

Q.        Doctor, did anything you observed or hear or see in your
discussions and treatment of [the complainant]Cshould say evaluation instead of treatment, give you
any reason to believe she had not been sexually abused?

MR. BROOKS:          Calls for speculation, Your
Honor.  I object.

THE COURT:            Overruled.

A.        Nothing gave
me reason to doubt anything.      








As stated earlier, we will not overturn a trial court=s decision to admit or exclude
testimony without a clear abuse of discretion. 
See Fairow, 943
S.W.2d at 901.   To show the trial
court abused its discretion, the appellant must object.  Tex.
R. App. P. 33.1(a); Ibarra, 11 S.W.3d at 197.  At trial, appellant=s counsel objected that the testimony
was speculative.  However, on appeal,
appellant argues that the doctor improperly commented on the complainant=s truthfulness.  The two are fundamentally different
objections.  True, one of the reasons for
not allowing a psychiatrist or psychologist to state whether someone is telling
the truth may be based in part on a sense that it may be speculation.  However, the real reason to exclude this
testimony is that it invades the jury=s province.  Schutz, 957 S.W.2d at 59B74.  It is for the jury, not an expert, to decide
if a witness is telling the truth.  The
expert=s responsibility is to assist
the jury in reaching that decision, not to tell the jury what its decision
should be.  See Tex. R. Crim. Evid. 702.  For these reasons, a simple speculation
objection did not inform the court of the complaint made on appeal, and it did
not give the trial court an opportunity to consider the issue appellant now
brings on appeal.  See Kipp v. State, 876 S.W.2d 330, 336 (Tex. Crim. App.
1994) (stating appellant=s point of error regarding an improper opinion on the
credibility of complainant is different from the speculation objection made at
trial).  Because appellant=s objection does not comport with his
point of error, appellant has not preserved this issue for appeal.  See Penry v.
State, 903 S.W.2d 715, 763 (Tex. Crim. App. 1995), cert. denied, 516
U.S. 977 (1995).  We overrule appellant=s second issue.

III.       Ineffective
Assistance of Counsel

We will now address appellant=s last five issuesCthat he received ineffective assistance
of counsel.  In support of this claim, he
alleges that his trial attorney failed to object three times and elicited
harmful testimony in one instance. 
Appellant also complains that his trial attorney did not object when he
claims the State commented on his right to a jury trial.  Because appellant failed to obtain a hearing
on motion for new trial to allow his lawyer to testify concerning his
representation, we must overrule these issues. 


To prove ineffective assistance of counsel, a defendant must
show that (1) counsel=s performance fell below an objective standard of
reasonableness under prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficient performance, the result
of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 694
(1984); Rodriquez v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995).  When reviewing a claim of ineffective
assistance of counsel, we must give much deference to trial counsel and presume
counsel made all significant decisions in the exercise of reasonable
professional judgment.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999);
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).








First, appellant must show his trial counsel=s performance fell below an objective
standard.  Appellant bears the burden to
show counsel=s ineffectiveness by a preponderance
of the evidence, and allegations of ineffectiveness must be firmly founded in
the record.  Thompson, 9 S.W.3d at
813; Dewberry v. State, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000).  Except
in rare cases, a claim of ineffective assistance must be brought by application
for writ of habeas corpus rather than direct appeal; this is to develop the
facts and allow trial counsel to explain his actions.  See Robinson v. State, 16 S.W.3d 808,
813 (Tex. Crim. App. 2000); see also Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (holding that generally, the trial
court record is inadequate to properly evaluate ineffective assistance of
counsel claims); Beck v. State, 976 S.W.2d 265, 266 (Tex. App.CAmarillo 1998, pet. ref=d) (holding that a trial record only
is inadequate for ineffective assistance of counsel claims). 

Here, appellant argues his attorney erred by failing to
object and by eliciting specific testimony. 
However, we cannot conclude the attorney was deficient because the
record does not contain the attorney=s reasons for his actions and does
not address the ineffective assistance of counsel arguments.  See Grant v. State, 33 S.W.3d 875, 879B80 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Without this evidence in the record, appellant fails the first part of
the Strickland test, and because appellant failed the first prong, we
are not required to address the second prong. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001).  Therefore, we
overrule his four points of error.

In conclusion, we overrule all points of error by the
appellant and affirm the judgments of the lower court.

 

/s/        Wanda
McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 1, 2003.

Panel consists of Chief Justice
Brister, Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).