**1447-14**

ORIGINAL

MICHAEL RAY CHANDLER, JR.,
# 1875978
APPELLANT/PETITIONER, "PRO S
STILES           UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

DATE: DECEMBER 24, 2014

HONORABLE JUSTICES
TEXAS COURT OF CRIMI
NAL APPEALS
P. O. BOX 12398,
CAPITOL STATION
AUSTIN, TEXAS 78711

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

RECEIVED
JAN 05 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

In Re: PETITIONER FOR DISCRETIONARY REVEIW No. 1447-
COA No. 03-13-00582-CR (3rd Ct. App.)
TRIAL COURT No. CR-2011-365 (207 Dist. Ct.)
CHANDLER -v- TEXAS
LETTER FORM PLEADING: APPELLANT/PETITIONER'S
"PRO SE" MOTION TO SUSPEND THE RULES and PET-
ITIONER'S PETITION FOR DISCRETIONARY REVIEW

DEAR HONORABLE JUSTICES OF THE TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW, MICHAEL RAY CHANDLER, JR., # 1875978 , an Offender who is confined in TDCJ-CID at the STILES Unit; 3060 FM 3514 ; Beaumont, Texas 77705 and located in Jefferson County, Texas, who does declare, state, verify, plead, and petition under the penalty of perjury of the laws of the United States and The State of Texas, in accordance with and pursuant to 28 U.S.C. sec. 1746 and Tex. Civ. Prac. & Rem. Code, Secs. 132.00, 132.003 that the contents of this foregoing LETTER FORM PLEADING: APPELLANT/PETITIONER'S "PRO SE" MOTION TO SUSPEND THE RULES and PETITIONER'S PETITION FOR DISCRETIONARY REVIEW is declared and confirmed to be true and correct by hereinafter affixing my signature and the date of its execution and do petition and plead as follows:

# I.
## MOTION TO SUSPEND THE RULES

COMES NOW, MICHAEL RAY CHANDLER, JR., # 1875978 , the Appellant/Petitioner, who is hereinafter identified as the Petitioner that does make and file this MOTION TO SUSPEND THE RULES, in accordance with and pursuant to TEXAS RULES OF APPELLATE PROCEDURE, Rule 2. Suspension of Rule as to the FORM used for making and the filing of a "PETITION FOR DISCRETIONARY REVIEW" and otherwise in accordance with the ruling and mandate of the United States Supreme Court in the case of Haines -v- Kerner, 404 U. S. 519 (1972) authorizing "liberal review and consideration of "pro se" pleadings of a litigant who is unschooled and untrained in the art and science of the field of law.

WHEREFORE, PREMISES CONSIDERED, the Petitioner does PRAY this Honorable Texas Court of Criminal Appeals orders that the rules be suspended and the Petitioner be allowed to proceed by and through this letter form pleading.

AND FURTHER, that this Honorable Texas Court of Criminal Appeals does grant and order any and all other remedy, redress, and relief that the Honorable Texas Court of Criminal Appeals may under both law and equity.

# II.
## PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

COMES NOW, PETITIONER, who does respectfully makes and submits this PETITION FOR DISCRETIONARY REVIEW and moves that this Honorable Texas Court of Criminal Appeals does grant review of this cause and offers the following in support hereof:

## A.
## STATEMENT REGARDING ORAL ARGUEMENT

The Petitioner, a person who is confined in TDCJ-CID does not request oral arguement and appearence before the Court.

## B.
## STATEMENT OF THE CASE

The Petitioner, Michael Chandler, Jr. was charged with three (3) counts of indecency with a child by exposure. See Texas Penal Code sec. 21.11(a)(2)(A); see also id section 21.11(d) (explain-

ing that offense is third-degree felony). In particular, the indictment alleged that with an intent to aruse or gratify sexual desire Petitioner exposed his genitals on three (3) occasions knowing that a child younger than 17 years old was present. The victim was the Petitioner's stepdaughter C.F.B. As the time of the offense, C.F.B. was 15 years old. The indictment also contained two enhancement paragraphs alleging that Petitioner had been previously convicted of two felony offenses. After a trial, the jury found the Petitioner guilty of two of the three counts. Subsequently to the jur reaching its decision, the district court found the enhancement to allegations to be true and sentenced the Petitioner to life imprisonment for the first count and 98 years and 10 months for the second count. (See id. section 12.42(d)(elevating permissble punishment range for person previously convicted of two felony offenses). The District Court ordered that the two sentences be served consecutively. Shortly after the district court issued its judgement, Petitioner gave timely notice of the appeal of the judgement and sentence of the 207th Judicial District Court which the Honorable Dib Waldrip, Judge Presiding over the trial of No. CR-2011-365 did appoint counsel to perfect appeal to the Third Court of Appeals at Austin, Texas.

The Third Court Of Appeals did affirm the trial court's judgement and sentence in a MEMORANDUM OPINION of Justices Puryear, Goodwin, anf Field and the same being entered on or about the date of October 1, 2014 with Justice David Puryear having ordered the opinion not to be published. As the Petitioner sought additional time to file this pleadingand he same is due on December 30, 2014.

C.

## STATEMENT OF PROCEDURAL HISTORY

The indictment in The State of Texas -v- MICHAEL RAY CHANDLER, No. CR-2011-365 of the 207th Judicial District Court was returned by the Comal County, Texas Grand Jury on APRIL 20, 2013 for the offense of indecency with a child by exposure three counts. And subject to this indictment, the Petitoner was tried on JULY 23, 2013 of which the Petitioner did proceed to trial by jury whose verdict was returned on or about the

-3-

date of <u>JULY 27</u>, 20<u>13</u>. For it was the entry of this entry of the verdict of "guilty" that the punishment phase of the Petitioner's trial was gone into where the proceedings were then held before the Court. The Petitioner did/did not waive the jury for punishment prior to beginning the punishment phase. Which the remaining portion of the indictment was read into the record which the Petitioner did make and enter his plea of "not true"/"true" to allegations of enhancement which the Court allegedly found the enhancement allegations to be true and proceeded by sentencing the Petitioner to life imprisonment for the first count and for the second count a term ofsentence of 98 years and 10months was so imposed by the Court pursuant to <u>Texas Penal Code</u>, sec. 12.42(d); with the Court ordering the sentences to be served consecutively. And with Court having so sentenced the Petitioner, the entered his timely and proper notice of appeal of the judgement and sentence in the case. For upon appeal the Third Court of Appeals of Texas did make and enter a MEMORANDUM OPINION on October 1, 2014 to be unpublished.

## D.
## <u>GROUNDS FOR REVIEW</u>
### 1.
### <u>PETITIONER'S FIRST GROUND FOR REVIEW</u>

DID THE THIRD COURT OF APPEALS ABUSE ITS DISCRETION AND ERROR IN RULING THE EVIDENCE WAS SUFFICENT TO SUPPORT CONVICTION SHOWING THE OFFENSE TOOK PLACE IN COMAL COUNTY, TEXAS?

### 2.
### <u>PETITIONER'S SECOND GROUND FOR REVIEW</u>

DID THE THIRD COURT OF APPEALS ABUSE ITS DISCRETION AND ERROR IN RULING THERE WAS NO ERROR BY THE DISTRICT COURT IN ALLOWING COMPUTER GENERATED EVIDENCE, "CERTAIN SEARCH TERMS" THAT WAS A PART INTERNET HISTORY OF A COMPUTER FOUND IN THE PETITIONER'S HOME WHERE IT HAD BEEN RETRIEVED?

### 3.
### <u>PETITIONER'S THIRD GROUND FOR REVIEW</u>

DID THE THIRD COURT OF APPEALS ABUSE ITS DISCRETION AND ERROR IN RULING THAT THE **PETITIONER** WAS NOT DENIED EFFECTIVE ASSISTANT OF AT TRIAL WHEN HIS TRIAL ATTORNEY "FAILED TO OBJECT TO THE INTRO-

## ARGUEMENT NUMBER ONE

The Petitoner in support of PETITIONER*S FIRST GROUND FOR REVIEW would proffer to this Honorable Texas Court of Criminal Appeals the express and implied mandate of the United States Constitution, Amendnets VI and XIV section 1; as well as; The State Of Texas Constution; Article I, Sections 1, 10, and 19 of which this Honorable Texas Court of Criminal Appeals is requested to take and give judicial notice of their mandate as having been determined by the United States Supreme Court by and through opinions, rulings; and authorities of which this Honorable Texas Court of Criminal Appeals rulings, opinions; and authorities; although independent, must otherwise conform to UNITED STATES CONSTITUTION, Article VI, of which the Petitioner advances is relevant and applicable in his instant and foregoing arguement. For in spite of the fact that the State of Texas has codified within the Texas Code of Criminal Procedure, Article 13.17 the express and implied mandate of United States Constitutional, Amendment VI which mandates in relevant and pertinent part stating, "...the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...".

Accordingly, the Petitioner would beg to differ with the ruling and opinion of the Honorable Third Court Of Appeals Of Texas which it is ruled and opinioned by the Third Court of Appeals Of Texas that "...Venue is not an element of the offense in this case...". The Petitioner takes position and standing that the United States Constitution, Amendment VI expressly and implicitedly mandates that venue is a part of every criminal prosecution contrary to the Honorable Third Court of Appeals of Texas setting forth as authority Texas Penal Code, Section 21.11; Texas Code Criminal Procedure, Art. 13.18 (providing that if venue is not specifically stated in governoring statue, proper county for prosecution is where "offense was committed"); State -v- Blankenship, 170 SW3d 676, 681(Tex. App.- Austin 2005, pet. ref'd) (explaining that failure to prove venue does not negate guilt of accused). For the issue as having been advanced by the Petitioner on appeal was a matter of proving the elements of the offense which by virtue of the provisions of The State of Texas Constitution, Article I, Section 10 which reads and mandates in rel-

-5-

evant partstates, "...and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in ases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary..." and which this same express and implied mandate is found in Texas Code Criminal Procedure, Article 1.05. For the mandate is actively and concertively applied in conjunction with Texas Code of Criminal Procedure, Chapter 21 which governs "indictments" and the provison of Texas Penal Code, Sections, 2.01; 2.02; 2.03; 2.04; and 2.05 which do not by either express and/orimplied mandate dismiss the requirement of proving the required venue. For merely reading of the indictment does not constitute a showing of proof of venue and nor does the circumsstntial an/or direct eevidence meet the United States Constitutional Mandate. As it is the position and standing of the Petitioner the error as complained is "structural" in light of the ruling made and entered by the United States Supreme Court in the case of KOTTEAKOS, et al. -v- UNITED STATES, 328 U. S. 750 (1946) where the Third Court of Appeals Of Texas in its ruling has otherwse abused its discretion and errored diminishing the required proof inflicting substantial prejudice and denying the Petitioner a fair and impartial trial.

## ARGUEMENT NUMBER TWO

The Petitioner for reason of brevity refers back to the previous Arguement where the Petitioner has cited both Federal and State Constitutional Provisions which, the Petitioner has requested this Honorable Texas Court Of Criminal Appeals to take judicial notice of the express and implied mandate as ruled and interpretated by opinions and rulings of the United States Supreme Court. For the Petitioner is of position and standing that the ruling and opinion of the Honorable Third Court of Appeals is not only in error; but an overt and blatant abuse of discretion where the evidence itself was a direct and indirect violation of the Petitioner's right to a "fair and impartial trial" as protected and guranteed by the United States Constitution, Amendment VI and XIV section 1 and the comparative equivalent under The State of Texas Constutiona Article I section 10 where the express and implied terminology of the Texas Rules of Evidence, Rules 401-403 could have rationally and rea-

sonably deducted the imputed injury and harm under the abuse of discretion standard as set forth and identified in Davis -v- State; 329 SW3d 798¥ 803 (Tex. Crim. App. 2010). Which the Petitioner is of posit on and standing that where the burden of proof rest upon the State, the use of such evidence clearly rested upon playing to the emotions and sentiments of emotions of the jury. This in itself surely was clearly calculated to harm and prejudice the Petitioner where the abuse of discretion on part of the Court rested clearly upon a chain of events which was not and has not yet come before the Court for appropriate and adequate review that would give deeper insight as to this Court not having made a ruling that was not flawed and errored in light of the rulings made in both Lopez -v- State; 86 SW3d #228, 230 (tex. Crim App. 2002) and State -v- Mecjler; 153 SW3d 435, 439 (Tex. Crim. App. 2005).

Because the fact the minds of the jurors have been unduly inflamed with biased and prejudicial information that the State purports to be evidence which does not show and/or substantiate the commission of the offense as alleged in the indictment. For what was and had been researched on a computer did exactly as the rule expressly and implicitedly prohibits; where the State's evidence purportedly included a showing of the Petitioner having allegedly admitted to violation of the law.

Accordingly, with the Third Court of Appeals of Texas having recognized this in the records the re ords and identified such in its opinion on Page 9. As the admission of commission of the offense affirmatively demonstrates the intent without the need of the use of inflamatory and prejudicial internet materials. The error and abuse of discretion on part of the District Court is contrary to the fundamental basis and premises of fairness of which the United States Constitution, Amendment VI and XIV sec 1 does prohibit.

The foregoing being the reason and purpose for this Honorable Texas Court of Criminal Appeals should grant the Petitioner's discretionary review where the trial went from the norms of fairness to bolstering of the jury needlessly.

## ARGUEMENT NUMBER THREE

The petitioner cont nues to urge that this Honorable Texas Court of Criminal Appeals take judicial notice of both the Federal and State Constitutions and their respective authorities as relevant to ineffective assistance of counsel. For the Petitioner acknowledges that the relevant core decis on as made and entered by the United States Supreme Court in Strickland -v- Washington, 466 U.S. 668 (1984) established a two part test of effective assistance of counsel. For the Petitioner conceeds that this Honorable Texas Court of Criminal Appeals has rarely ruled upon direct appeal that the trial counsel has been ineffective without a specific showing that the counsel's performance had fallen beyond an objective standard of reasonableness. For in making this showing the present venue is both inadequate and inappropriate for making such a showing. Yet, in conceeding that the present venue does not as recognized by the Third Court of Appeals afford none of the parties of interest and relevan e the needed and required review of the totality of circumstances and should not be the determining factor of this discretionary review.

And relying upon those authorities cited by the Honorable Third Court of Appeals the Petitioner does leave this matter to be determined in accordance with Strickland -v- Washington, 466 U. S. 668(1984) which has been cited in Davis -v- State, 413 SW3d 816 (Tex. App—Austin 2013, pet. ref'd); Frangias -v- State, 392 SW3d 642 (Tex. Crim. App. 2013); Menefield -v- State, 363 SW3d 591 (tex. Crim. App. 2012); Garcia -v- State, 57 SW3d 436 (T$_e$x. Crim. App.) and Thompson -v- State, 9 SW3d 808 (tex. rim. App. 1999). For the Petitioner admits that Post Conviction Habeas Corpus is better venue for addressment of this issue which the Petitioner should hope the Court does not imput any prejudice and harm for such acknowledgement.

In conclusion the Petitioner requuest that this Honorable Texas Court of Crim nal Appeals give review of all issues in the best interest of justi e and that the rel ef as prayed for be granted.

## PRAYER FOR RELIEF

For reasons stated above, it is respectfully submitted that Texas Court of Criminal Appeals should grant th s PETITION FOR

Discretionary Review.

AND FURTHER, it is PRAYED that this Court grant and order any and all other remedy, redress, and relief it may deem just, appropriate, and equitable under Law and equity. For the Petitioner does hereinafter affix his signature on this the DECEMBER 24th, 2014 declaring, confirming, petitioning, and pleading the foregoing to be true and correct.

Respectfully submitted,

s// *Michael Ray Chandler Jr*

MICHAEL RAY CHANDLER,
# 1875978
APPELLANT/PETITIONER, "PRO SE"
STILES Unit/TDCJ-CID
3060 FM 3514
BEAUMONT, TEXAS 77705

## CERTIFICATE OF SERVICE

I, Michael Ray Chandler, #1875978 , an offender, who is confined in TDCJ-CID at the STILES Unit, 3060 Fm 3514 , Beaumont, Texas 77705 which is located in Jefferson County, Texas, who is the Appellant/Petitioner, who does certify that a true and copy of this letter form pleading has been served by placing the same in a postage prepaid envelope addressed to Comal County District Attorney, Comal County District Attorney's Office, 150 N. SEGUIN AVE. SUITE 307, Texas, by placing the same in the NEW BRAUNFELF, TEXAS Unit Mail Box for subsequent pickup by the STILES Unit Mail Room Personel to subsequently log the same and subsequent to such logging deposit the same in the United States Postal Servie for delivery as set forth and certified to be a true and corret service under the penalty of perjury of the laws of he United States andThe State of Texas as declared, confirmed, and certified by affixing my signature below on this date of DECEMBER 24th , 2014 .

s// *Michael Ray Chandler Jr*

MICHAEL RAY CHANDLER,
# 1875978
APPELLANT/PETITIONER, PRO SE
STILES UNIT/TDCJ-CID
3060 FM 3514
BEAUMONT, TEXAS 77705

-9-

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00582-CR

**Michael Ray Chandler, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2011-365, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Ray Chandler, Jr., was charged with three counts of indecency with a child by exposure. *See* Tex. Penal Code § 21.11(a)(2)(A); *see also id.* § 21.11(d) (explaining that offense is third-degree felony). In particular, the indictment alleged that with an intent to arouse or gratify sexual desire Chandler exposed his genitals on three occasions knowing that a child younger than 17 years old was present. The victim was Chandler's stepdaughter C.F.B. At the time of the offenses, C.F.B. was 15 years old. The indictment also contained two enhancement paragraphs alleging that Chandler had previously been convicted of two felony offenses. After a trial, the jury found Chandler guilty of two of the three counts. Subsequent to the jury reaching its decision, the district court found the enhancement allegations to be true and sentenced Chandler to life imprisonment for the first count and to 98 years and 10 months for the second count. *See id.* § 12.42(d) (elevating permissible punishment range for person previously convicted of two felony offenses).

The district court ordered that the two sentences be served consecutively. Shortly after the district court issued its judgment, Chandler appealed his conviction. We will affirm the district court's judgment of conviction.

## DISCUSSION

On appeal, Chandler presents three issues challenging his conviction. In his first issue, Chandler contends that the evidence was legally insufficient to support his conviction because the evidence did not support the allegations in the indictment that the offenses took place in Comal County, Texas. In his second issue, Chandler asserts that the district court erred by admitting into evidence "certain search terms" found in the internet history of a computer retrieved from his home. Finally, Chandler argues that he was denied effective assistance of counsel because his trial attorney "failed to object to the introduction of certain search terms on a computer found in" his home.

### Venue

As mentioned above, in his first issue on appeal, Chandler contends that the evidence was insufficient to support his conviction because the evidence did not show that the offenses took place in Comal County, Texas, which is where the indictment alleged that the incidents occurred. Although Chandler acknowledges that the State mentioned Comal County when making its case, he argues that the State never mentioned Texas, which left "open the possibility of the offense occurring in another state besides Texas."

Venue is not an element of the offense in this case. *See* Tex. Penal Code § 21.11; *see also* Tex. Code Crim. Proc. art. 13.18 (providing that if venue is not specifically stated in governing statute, proper county for prosecution is where "offense was committed"); *State v.*

2

*Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) (explaining that failure to prove venue does not negate guilt of accused). During a trial, the State has the burden of proving venue by a preponderance of the evidence, *see* Tex. Code Crim. Proc. art. 13.17, and venue may be proven by circumstantial or direct evidence, *Couchman v. State*, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd). On the other hand, the defendant has the burden of objecting to the State's "failure to prove venue." *Grant v. State*, 33 S.W.3d 875, 878 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). When deciding the issue of venue, the fact-finder is permitted to "make reasonable inferences from the evidence" presented. *Bordman v. State*, 56 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Evidence is sufficient to establish venue if "'the jury may reasonably conclude that the offense was committed in the county alleged.'" *Couchman*, 3 S.W.3d at 161 (quoting *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964) and *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd)). On appeal, reviewing courts are obligated to presume "that venue was proved in the trial court" unless the issue was "disputed in the trial court" or "unless the record affirmatively shows to the contrary." *See* Tex. R. App. P. 44.2(c)(1).

In his brief, Chandler contends that he disputed the issue of venue during trial and points to a portion of the record in which he requested a directed verdict. The exchange at issue occurred as follows:

THE COURT: Any motions . . . ?

CHANDLER'S ATTORNEY: What are we talking about here, Judge? Any motions about anything?

THE COURT: Well, they've rested so I mean --

3

CHANDLER'S ATTORNEY: I guess I could ask for a motion for directed verdict, Judge.

THE COURT: Denied.

In light of the general nature of this exchange, we cannot agree with Chandler's assertion that he disputed the issue of venue during the trial. *See Whalon v. State*, 725 S.W.2d 181, 188-89 (Tex. Crim. App. 1986) (concluding that defendant did not raise issue of venue in trial court by moving for directed verdict and asserting that evidence was "wholly insufficient to support a verdict of guilty and does not establish guilt beyond a reasonable doubt"); *Grant*, 33 S.W.3d at 879 (determining that motion for "instructed verdict 'asserting that State did not succeed in showing each and every element of the offense'" as set forth in the indictment was insufficient "to preserve the issue of venue").

Moreover, the record does not affirmatively show "to the contrary." *See* Tex. R. App. P. 44.2(c)(1). The indictment alleged that Chandler committed the offenses in Comal County, Texas. Consistent with that allegation, C.F.B. explained in her testimony that during the relevant time she lived in Comal County and went to a high school located in Comal County. Further, she related that the home that she lived in with her mom and Chandler was in Comal County and that the offenses occurred at the home when her mom left for work. Similarly, C.F.B.'s mother testified that until she learned of the offenses, she lived in a home with Chandler and C.F.B. in "Fischer, Texas," which was in "Comal County." In addition, Texas Ranger Keith Pauska explained in his testimony that he was asked to investigate the offenses in this case and that he was informed that the offenses occurred in Comal County. *See Woodward v. State*, 931 S.W.2d 747, 752 (Tex. App.—Waco 1996, no pet.) (rejecting argument that venue was not established when witness to

4

crime testified that she saw defendant commit offense in Brazos County, when investigating officers testified that they worked for Bryan Police Department, and when victim stated that he worked for Texas A&M University and lived in Bryan); *Hewitt v. State*, 734 S.W.2d 745, 747 (Tex. App.—Fort Worth 1987, pet. ref'd) (concluding that evidence was sufficient to show that offense took place in Tarrant County, Texas, where witnesses testified that offense occurred in "Tarrant County" and where other witnesses made references to Texas and to well-known aspects of Tarrant County).

In light of the preceding, we conclude that the presumption that venue was proven at trial applies. *See* Tex. R. App. P. 44.2(c)(1). Accordingly, we overrule Chandler's first issue on appeal.

**Admission of Evidence**

In his second issue, Chandler argues that the district court erred by allowing into evidence particular search terms that were obtained from the internet history on a computer that was in his home. The evidence pertained to searches that were made on the computer before the offenses at issue.

During the trial, Detective Brian Morgan testified that he used forensic software to locate the internet search history for the computer, and the State offered to admit as an exhibit a list of the search terms found in that history. Among other things, the list contains searches for sexual subject matters, including searches regarding teenage girls and searches pertaining to teenage girls having sex with their fathers and other family members.[1] In addition, the list also includes the

---

[1] The list contains dozens of graphic searches for sexual subject matters. Among other topics, the list contains the following search terms: "incest," "sleep teen vs. huge dick," "daddy fucks step daughter," and "mom and daughter."

following internet searches that form the basis for this issue on appeal: "reality of fallen angels from heaven," "demon of lust," "demons behind sexual lust," "sex demon[]s in the bible," "raped by demon," "succubus demon," "demon[]s having sex with women today," and "devil possessed." When the State offered to admit the list of the search terms found in the internet history, Chandler objected on the grounds that the searches were not relevant and that they were more prejudicial than probative. *See* Tex. R. Evid. 401-03. After overruling Chandler's objections, the district court admitted the list of terms.

When challenging the district court's ruling, Chandler essentially concedes that the searches for some of the sexual material "might be relevant" to the issue of intent, but he urges that the searches regarding demons and sex with demons should not have been admitted and were only introduced to "inflame the minds of the jurors."

We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard of review. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement, *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is arbitrary or unreasonable, *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Moreover, the trial court's ruling will be upheld provided that the trial court's decision "is reasonably supported by the record and is correct under any theory of law applicable to the case." *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

When objecting to the admission of the list, Chandler first argued that the evidence was not relevant. "'Relevant evidence' means evidence having any tendency to make the existence

6

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401; *see id.* R. 402 (stating that, in general, all "relevant evidence is admissible"). As mentioned by Chandler, the search terms concerning teenagers and concerning sexual activity between teenage girls and their relatives, particularly with their stepfathers, were relevant to the issue of whether Chandler intended to commit the offenses at issue in this case. *See id.* R. 401. However, during the trial, Chandler argued that several people had access to the computer and could have made those searches. The admission into evidence of the searches pertaining to demons helped link Chandler to the use of the computer and to the relevant internet searches. Specifically, the searches regarding demons used language that was similar to language found in letters written by Chandler to C.F.B.'s mother that were admitted into evidence. In those letters, Chandler repeatedly mentioned demons and demons of lust.

Accordingly, we cannot conclude that the district court abused its discretion by overruling Chandler's relevance objection.

When objecting to the admission of the search terms, Chandler also argued that they should not be admitted due to their prejudicial nature. Under Rule 403, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* R. 403. As used in the Rule, the term "probative value" refers to how strongly the evidence makes the existence of a fact more or less probable and to how much the proponent needs the evidence, and "unfair prejudice" refers to how likely it is that the admission of the evidence might result in a decision based on an improper basis, including an emotional one. *Davis*, 329 S.W.3d at 806. The Rule "favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Id.*

When determining whether evidence should have been excluded, reviewing courts must bear in mind that trial courts are afforded "an especially high level of deference" for Rule 403 determinations. *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007). After objectively reviewing the governing criteria, a reviewing court should determine that the trial court abused its discretion only if the record shows "a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice." *Montgomery v. State*, 810 S.W.2d 372, 393 (Tex. Crim. App. 1991) (op. on reh'g). When making this determination, a reviewing court should consider the tendency of the evidence to induce a decision on an improper basis, to confuse the jury or distract it from the main issues, and "to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence" as well as the amount of time needed to present the evidence, the evidence's inherent probative value, and the proponent's need for the evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

In this case, Chandler was charged with indecency for exposing himself to his stepdaughter on more than one occasion. In particular, the testimony and the evidence presented, including a video of a confession made by Chandler when he was being interviewed by the police as well as letters written by Chandler to C.F.B.'s mother in which he admits that he committed the alleged offenses, indicated that Chandler repeatedly removed his clothing and masturbated in front of C.F.B. while watching pornographic videos. In addition, the letters written by Chandler to C.F.B.'s mother reveal that when Chandler performed these acts, he fantasized that C.F.B. was her mother when she was a teenager. More specifically, the letters revealed that C.F.B.'s mother had confided in Chandler that she had been repeatedly sexually abused by her uncle when she was

8

younger and that Chandler was attempting to recreate those events with C.F.B. In light of the allegations against Chandler and the evidence and testimony presented during trial, we do not believe that the evidence of internet searches related to demons had a tendency to induce a decision on an improper basis, to induce the jury to give undue weight to the evidence, or to confuse or distract the jury.

In addition, as mentioned above, due to the letters that Chandler wrote to C.F.B.'s mother in which he repeatedly discussed demons, the evidence of search terms regarding demons and regarding demons having sex with individuals had a tendency to link Chandler to the computer and to the other searches performed on the computer that were relevant to Chandler's intent. Moreover, the internet searches were only mentioned during Detective Morgan's testimony, and in its closing argument, the State did not emphasize the search terms and explained that the searches were not evidence of a crime and were offered only to show Chandler's intent.

Arguably, the State's need for the evidence and testimony concerning internet searches for demons was not great given, as mentioned above, that the State presented evidence showing that Chandler had admitted to committing the offenses. In addition, the State was able to link Chandler to the internet searches of teenage sexual activity through another means. Regarding the other link, Detective Morgan testified that an email account with a username corresponding to Chandler's full name was being used when the internet searches were performed; however, evidence that an email program was open and active when the internet searches were performed, without more, is not necessarily the strongest type of linking evidence.

After objectively reviewing the record and the governing criteria for Rule 403 determinations, we do not believe that the record in this case demonstrates a risk that the probative

value of the evidence of the internet searches pertaining to demons was substantially outweighed by the danger of unfair prejudice. Accordingly, we cannot conclude that the district court abused its discretion by overruling Chandler's objection asserting that the evidence should not have been admitted because it was too prejudicial.

Having determined that the district court did not abuse its discretion by overruling either objection, we overrule Chandler's second issue on appeal.

**Effectiveness of Counsel**

In his third issue on appeal, Chandler contends that his trial attorney provided ineffective assistance of counsel. In particular, Chandler argues that his attorney was ineffective because he failed to object to the portion of Detective Morgan's testimony in which he related that one of the search terms found on the computer concerned demons "having sex with women today." Although Chandler acknowledges that his attorney generally objected to the admission of the exhibit containing the list of all of the internet searches recovered from the computer, Chandler insists that his attorney should have specifically objected to testimony concerning this particular search and should have argued that the testimony was not relevant and was more prejudicial than probative.

To succeed on an ineffectiveness claim, the defendant must overcome the strong presumption that his trial "counsel's conduct falls within the wide range of reasonable professional assistance" and must show that the attorney's "representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 689, 694 (1984). Evaluations of effectiveness are based

on the totality of the representation. *Frangias v. State*, 392 S.W.3d 642, 653 (Tex. Crim. App. 2013); *see also Davis v. State*, 413 S.W.3d 816, 837 (Tex. App.—Austin 2013, pet. ref'd) (providing that assessment should consider cumulative effect of counsel's deficiencies). Furthermore, even though a defendant is not entitled to representation that is error free, a single error can render the representation ineffective if it "was egregious and had a seriously deleterious impact on the balance of the representation." *Frangias*, 392 S.W.3d at 653.

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim is usually undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "This is true with regard to the question of deficient performance . . . where counsel's reasons for failing to do something do not appear in the record." *Id.* (stating that "counsel's conduct is reviewed with great deference, without the distorting effects of hindsight"). In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Id.* If that opportunity has not been provided, as in this case, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue was "so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

As set out above, Chandler's ineffectiveness claim is based on his trial attorney's failure to act, and the record before this Court is not sufficiently developed to evaluate the alleged failure to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claim. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Moreover, in the prior issue, Chandler contended that the district court erred by overruling his objections to the

11

admission of the list of search terms obtained from the computer in his home. When challenging the district court's ruling, Chandler contended that those search terms, including the search that is in dispute in this final issue, were not relevant and were more prejudicial than probative. Ultimately, we decided that the district court did not abuse its discretion by admitting the evidence. The reasoning behind our resolution of the prior issue would seem to foreclose Chandler's contention that his trial counsel was ineffective for failing to specifically raise those same objections to the portion of Detective Morgan's testimony in which he read the particular search term in dispute here.

Moreover, even though it is not necessary to further address the issue, we do note that effectiveness challenges must be considered in light of "the totality of the representation" provided by the attorney. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). During voir dire, Chandler's trial attorney discussed the presumption of innocence, the State's burden of proof, and the reasons why a defendant might choose not to testify. In addition, his attorney extensively questioned the panelists about their ability to serve on the case and actively participated in the selection process. During the trial, his attorney successfully moved to have portions of the video of Chandler's interview with the police edited out before the video was played for the jury, emphasized the State's burden during his opening statement, cross-examined the State's witnesses, objected to portions of the testimony offered by the State's witnesses, questioned Chandler's father outside the presence of the jury to ascertain whether his testimony would be beneficial to Chandler, and emphasized the elements of the jury charge and the State's burden during his closing argument. In the punishment phase, Chandler's attorney objected to the admission of evidence regarding logs of Chandler's misdeeds during his prior incarceration, cross-examined the State's witnesses, argued

12

that Chandler's sexual-impulse-control problem resulted from his prior incarceration, and undermined the testimony of the State's witnesses during his closing argument. Finally, his attorney asked the district court to order that any punishments imposed for the two counts run concurrently.

In light of the preceding, we overrule Chandler's final issue on appeal.

## CONCLUSION

Having overruled Chandler's issues on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   October 1, 2014

Do Not Publish

13



MICHAEL RAY CHANDLER JR. # 1875978
STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

SPECIAL LEGAL MAIL, MAILED
OUT DECEMBER 24, 2014

3RD COURT OF APPEALS
THIRD DISTRICT COURT OF APPEALS
P.O. BOX 12547
AUSTIN, TEXAS 78711-2547